UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CODY ALLEN EASTERDAY,<br><br>    Plaintiff,<br><br>    v.<br><br>TYSON FREE MEATS, INC.,<br><br>    Defendant. | No. 4:22-CV-05155-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 40. The motion was heard without oral argument.[1] Plaintiff is represented by Charles Macedo, David Goldberg, Jeffrey Jacobovitz, Justin Ferraro, Andrew Wagley and Carl Oreskovich. Defendant is represented by Alan Smith, Breanna Philips, Eric Wolff, James Williams, and Mason Ji.

Plaintiff is suing Defendant for breach of oral contract and breach of implied contract, as well as claims for right of accounting, unjust enrichment and promissory estoppel. Plaintiff alleges there was an oral agreement between him and Defendant to use his name and photograph through a joint venture program

---

[1] Pursuant to LR 7.1(i)(3)(iii), the Court has determined that oral argument is not necessary.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1**

that involved the marketing and selling of premium beef to Defendant's customer, Nippon Ham, located in Japan. Even though Plaintiff defrauded Defendant of nearly $233 million by providing false invoices for cattle, Plaintiff alleges the focus of his Complaint is a separate agreement between himself and Defendant to market premium beef in Japan. The Court dismissed Plaintiff's original Complaint with leave to amend. ECF No. 35. On May 5, 2023, Plaintiff filed his First Amended Complaint (FAC).

Defendant now moves to dismiss the FAC asserting the following arguments: (1) Plaintiff lacks standing to bring claims that if viable at all, belonged to Easterday Ranches and any claim asserted by Easterday Ranches were resolved through the global settlement in bankruptcy; (2) Plaintiff's new allegations confirm, at best, that Plaintiff sought an unenforceable "agreement to agree" in the future; (3) Plaintiff's claims are barred by Washington's three-year statute of limitations; (4) Plaintiff's right-of-accounting claim is meritless because Defendant had no intention of forming a partnership with Plaintiff; and (5) the unjust enrichment and promissory estoppel claims fail because of Plaintiff's criminally unclean hands.

## Motion Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corps v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Ninth Circuit explained:

> To be entitled to the presumption of the truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. The factual allegations that are taken as true must

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2**

> plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subject to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When evaluating a Rule 12(b)(6) motion, the Court must draw all reasonable inferences in favor of the non-moving party. *Wolfe v. Stankman*, 392 F.3d 358, 362 (9th Cir. 2004). However, the Court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

## Plaintiff's Complaint

Plaintiff alleges that beginning in 2013, Defendant approached him to obtain his permission to use his name and photograph in a joint venture known as "Cody's Beef." Plaintiff alleges there are two distinct agreements under this joint venture—the actual Cattle Feeding Agreement (CFA) between Defendant and Easterday Ranches and the subsequent marketing campaign between Defendant and himself.

Under the CFA, Easterday Ranches would feed and raise cattle on its feedlots. The beef was sold to Defendant, delivered to Defendant's Pasco, Washington plant for harvesting, processing, and packaging, and then exported to Defendant's customer, Nippon Ham, in Japan under the mark "Cody's Beef." From November 2015 to December 28, 2020, Easterday Ranches delivered approximately 65,000 heads of cattle, if not more, at less than premium beef market prices for resale to Nippon Ham.

The second agreement—Cody's Beef Joint Venture Agreement—was between Plaintiff and Defendant and involved the marketing and selling of premium beef supplied by Easterday Ranches. Plaintiff alleges the Joint Venture provided that he and Defendant would equally share the profits and the risks generated by the Joint Venture.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3**

Plaintiff asserts as part of the Joint Venture, he participated in photo shoots, authorized Tyson to utilize his photograph ("Cody's Beef") in Japan, provided tours to Nippon Ham executives and personnel, and allowed for the use of his name, photograph, and good will. He also alleges that under the "Cody's Beef" Joint Venture, he supervised the raising of the cattle by Easterday Ranches on the feedlots. Plaintiff also arranged for Nippon ham executives and personnel to tour the Washington feedlots where Easterday Ranches was raising the cattle for the Cody's Beef Program. Tours occurred multiple times each year.

No formal written contract was signed by Plaintiff or Defendant. Plaintiff asserts that in May 2020, a series of emails provides written evidence of the parties' agreement. In the trail of emails, Plaintiff at one point asked, "How much of a cut do I get? and the response was "heck yes!"

Plaintiff brings five claims: 1) Breach of Oral Contract; 2) Breach of Implied Contract; 3) Right of Accounting; 4) Unjust Enrichment; and 5) Promissory Estoppel.

## Analysis

Plaintiff is suing Defendant in federal court under diversity jurisdiction. It is well settled that a federal court exercising diversity jurisdiction must apply federal procedural law and state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

### 1. Breach of Oral Contract

Plaintiff alleges he and Defendant were parties to a valid and enforceable oral contract for the use of Plaintiff's name and photograph and other related performances in exchange for a share of the profits gained from the "Cody's Beef" joint venture.

Under Washington law, there are three essential elements to establish a breach of contract.: 1) the parties entered into an enforceable contract; 2) Defendant breached the contract as claimed by Plaintiff; and 3) Plaintiff was

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4**

damaged because of Defendant's breach. *Nw. Indep. Forest Mfrs v. Dep't of Labor & Indus.*, 78 Wash.App. 707, 712 (1995).

Oral contracts will be recognized in equity, but "they are not favored and will be enforced only upon strong evidence that the promise was made in exchange for valuable consideration and deliberately entered into." *Bale v. Allison*, 173 Wash.App. 435, 453 (2013). As such, "[t]he burden of proving a contract, whether expressed or implied, is on the party asserting it, and he must prove each essential fact, including the existence of a mutual intention." *Cahn v. Foster & Marshall, Inc.*, 33 Wash.App 838, 840 (1983) (citation omitted).

Washington follows the objective manifestation test for contracts. *Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wash.2d 171, 177 (2004). Thus, for a contract to exist, the parties must objectively manifest their mutual assent. *Id.* (quotation omitted). Additionally, the terms assented to must be sufficiently definite. *Id.* (citation omitted). For example, if a term is so indefinite that a court cannot decide just what it means, and fix exactly the legal liability of the parties, there cannot be an enforceable agreement. *Id.* (citation omitted). Finally, the contract must be supported by consideration to be enforceable. *Id.* The primary concern for the courts is to avoid trapping parties in surprise contractual obligations." *Id.* (citation omitted). Generally, manifestations of mutual assent will be expressed by an offer and acceptance. *Id.*

Here, Plaintiff has not alleged sufficient facts to demonstrate offer, acceptance and an objective manifestation that Defendant intended to enter into an agreement with Plaintiff. Moreover, the terms of the alleged oral contract are so indefinite that the Court would not be able to enforce it. For example, suppose Plaintiff failed to participate in a necessary marketing campaign. Would Defendant be in a position to bring suit? There is nothing in the oral contract identifying important details, namely, how many times he needed to participate and the scope of the participation. The sharing of the profits 50-50 presumably would not be the

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5**

only terms of the alleged oral contract.

Moreover, the terms of the oral contract, as suggested by Plaintiff, are not plausible. For instance, Plaintiff alleges that Easterday Ranches agreed to feed, raise and sell beef to Defendant for resale to Nippon Ham in Japan. Plaintiff asserts that typically the CFAs provide for a 50-50 share of the profits between Defendant and Easterday Ranches, and he is relying on the prior business arrangements to assert that clearly Plaintiff and Defendant intended they would share in the profits 50-50 from the Cody Beef Joint Venture.

But, if Easterday Ranches typically is entitled to 50% of the profits for providing the beef, and Plaintiff is entitled to 50% of the profits from the joint venture, what is left for Defendant? Under Plaintiff's facts, it is more plausible that because three parties were involved, the profit sharing would be split three ways. Yet, Plaintiff maintains that the terms of the oral contract are that he personally should receive 50% of the profits, Defendant receives 50% of the profits and Easterday Ranches presumably would not receive any, which would be opposite of the normal course of business between Easterday Ranches and Defendant.

Either way, Plaintiff has failed to allege sufficient facts to show there was a meeting of the minds regarding the terms of the alleged oral contract. As such, Plaintiff has failed to allege facts to support a claim that there was a legally enforceable contract between himself and Defendant. Similarly, he has failed to allege sufficient facts to show there was a legally enforceable implied contract in fact between Plaintiff and Defendant. Finally, Plaintiff has not alleged sufficient fact to show there was a legally enforceable joint venture between himself and Defendant so he has no right to an accounting.

   2.  **Equitable Claims**

"Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." A*SARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6**

1  Cir. 2014) (citation omitted). "A dismissal under Rule 12(b)(6) is likely to be
2  granted by the district court only in the relatively unusual case in which Plaintiff
3  includes allegations that show on the face of the complaint that there is some
4  insuperable bar to securing relief." *Id*. (quotation omitted). In order to dismiss
5  based on affirmative defenses, the Court must ask whether the affirmative defenses
6  present such a high obstacle, that it would be impossible for Plaintiff to overcome.
7  *Id*. As such, while Defendant may show it would be difficult for Plaintiff to obtain
8  relief, this does not necessarily bar a plaintiff's claim. *Id*.

9      A party with unclean hands cannot recover in equity. *Miller v. Paul M.
10 Wolff Co*., 178 Wash.App. 957, 966 (2014). Those who act unjustly or in bad faith
11 are deemed to act with unclean hands. *Id*.

12     Here, Plaintiff's unclean hands prevent him from recovering any damages in
13 equity. On March 31, 2021, Plaintiff plead guilty to committing wire fraud. *See
14 United States v. Cody Easterday*, 4:21-CR-0612-SAB, ECF No. 10. He admitted to
15 submitting false and fraudulent invoices for non-existent cattle, which caused
16 Defendant to suffer a loss of approximately $233,008.042. *Id*.

17     The Court presided over the criminal proceedings. It is clear that the fraud
18 he perpetrated on Defendant relates directly to the claims he is asserting in his
19 FAC. Under the facts alleged in the FAC, the Cody Beef Joint Venture was
20 dependent on the CFAs that Easterday Ranches honored. His claims for equitable
21 relief are directly derived from the cattle subject to the CFAs, which were the
22 vehicles for perpetrating the fraud on Defendant. As the facts set forth in Plaintiff's
23 FAC, the relationship between Plaintiff and Easterday Ranches is virtually
24 inseparable and the actions undertaken by Plaintiff on account of the Cody Beef
25 Joint Venture was in furtherance of the relationship between Defendant and
26 Easterday Ranches, and not based on a separate oral agreement with Defendant.

27     Plaintiff's equitable claims are barred by the unclean hands doctrine.
28 Plaintiff cannot overcome this insuperable bar to obtain the relief he is seeking.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7**

### 3. Statute of Limitations

Washington law imposes a three-year statute of limitations for oral contract, unjust enrichment, promissory estoppel and right to accounting claims. Plaintiff has not asserted sufficient fact to show that his claims asserted in the FAC accrued after the statute of limitations expired. Thus, in the alterative, Plaintiff's claims are dismissed as time-barred.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, ECF No. 40 is **GRANTED**.
2. Plaintiff's First Amended Complaint is **dismissed**, with prejudice.
3. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 31th day of October 2023.

_Stanley A. Bastian_
Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8**